UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHRISTOPHER COPLEY, # 153014,

    Petitioner,

v.                                                      Case Number: 11-11778-BC
                                                          Honorable Thomas L. Ludington

MDOC, et.al.,

    Respondent.
    _____/

## OPINION AND ORDER
## SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DENYING PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS

Petitioner Christopher Copley filed a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 on April 22, 2011. Petitioner is a state inmate currently incarcerated at the Ionia Maximum Correctional Facility in Ionia, Michigan. Pursuant to the Michigan Department of Corrections website, in 1991, Petitioner pleaded guilty to larceny by conversion in the Oakland County Circuit Court, and was sentenced, as a habitual offender, to one to twenty years in prison. His discharge date is May 27, 2011. In his *pro se* petition, he is alleging that he is being denied medical treatment. According to Petitioner, he fell on the job while moving some boxes and injured his left wrist and shoulder. The allegations to which Petitioner refers occurred while he was incarcerated at the Charles Egeler Reception and Guidance Center in Jackson, Michigan. For the reasons explained below, the petition will be denied, a certificate of appealability will not be issued, and Petitioner will not be permitted to proceed in forma pauperis on appeal.

I.

The instant petition is subject to summary dismissal because Petitioner is challenging the

conditions of his confinement.

Where a prisoner is challenging the fact or duration of his physical imprisonment and the relief that he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). However, habeas corpus is not available to prisoners who are complaining only of mistreatment during their legal incarceration. *See Lutz v. Hemingway*, 476 F.Supp.2d 715, 718 (E.D. Mich. 2007) (citation omitted). Complaints like the ones raised by Petitioner which involve conditions of confinement "do not relate to the legality of the petitioner's confinement, nor do they relate to the legal sufficiency of the criminal court proceedings which resulted in the incarceration of the petitioner." *Id.* (quoting *Maddux v. Rose*, 483 F.Supp. 661, 672 (E.D. Tenn. 1980)). A petition for writ of habeas corpus is not the proper vehicle for a prisoner's claim that prison officials have been deliberately indifferent to his medical needs, because release from custody is not an available remedy for a deliberate-indifference claim. *See Glaus v. Anderson,* 408 F.3d 382, 387 (7th Cir. 2005) (citations omitted); *see also Hamilton v. Gansheimer,* 536 F.Supp.2d 825, 841-42 (N.D. Ohio 2008) (same). An inmate like Petitioner should therefore bring his medical indifference claim as a civil-rights complaint filed pursuant to 42 U.S.C. § 1983. Because Petitioner challenges only the conditions of his confinement, his claims "fall outside of the cognizable core of habeas corpus relief." *Hodges v. Bell*, 170 F. App'x 389, 393 (6th Cir. 2006).

Petitioner's habeas petition should not be addressed as though it were a civil action brought pursuant to section 1983. The Prisoner Litigation Reform Act of 1995 (PLRA) provides that "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1) (as amended); *In Re Prison Litigation*

*Reform Act*, 105 F.3d 1131, 1138 (6th Cir. 1997).

Under the PLRA, when an inmate seeks to proceed in forma pauperis, the only issue for the district court to determine is whether the inmate is required to pay the entire $350.00 filing fee at the outset of the case or over a period of time under an installment plan. *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997). If a prisoner wishes to file a civil action and seek such status, the prisoner must file an affidavit alleging that he is indigent as well as a certified copy of his prison-account statement showing the activity in his prison account for the previous six months. *Id.* at 605.

Additionally, the PLRA requires that district courts screen all civil cases brought by prisoners. *McGore*, 114 F.3d at 608. If a complaint does not satisfy 28 U.S.C. §1915(e)(2) or § 1915A, the "district court should *sua sponte* dismiss the complaint." *Id.* at 612. Pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915(e)(2)(A), a district court must sua sponte dismiss an in forma pauperis complaint before service on the defendant if satisfied that the action is frivolous or malicious, that it fails to state a claim upon which relief may be granted, or that it seeks monetary relief from a defendant or defendants who are immune from such relief. *McLittle v. O'Brien*, 974 F.Supp. 635, 636 (E.D. Mich. 1997).

Finally, a federal district court may dismiss an incarcerated plaintiff's civil case if, on three or more previous occasions, a federal court dismissed the incarcerated plaintiff's action because it was frivolous or malicious or failed to state a claim for which relief may be granted. 28 U.S.C.§ 1915(g); *see also Thaddeus-X v. Blatter*, 175 F. 3d 378, 400 (6th Cir. 1999) (same).

Because of the vastly different procedural requirements for habeas petitions and civil actions brought by prisoners, a court confronted with a habeas petition that is properly brought under § 1983 should dismiss the petition, rather than "converting" the petition to a civil action brought pursuant

to § 1983. *Richmond v. Scibana*, 387 F.3d 602, 606 (7th Cir. 2004); *see also Martin v. Overton*, 391 F.3d 710, 713 (6th Cir. 2004) (holding that the district court should have dismissed the habeas petitioner's section 2241 petition without prejudice to allow petitioner to raise his potential civil rights claims properly as a section 1983 action rather than to re-characterize it as a section 2254 petition without notice to petitioner). More specifically, Petitioner is not entitled to have his habeas petition, alleging deliberate indifference to medical needs, re-characterized as a federal civil rights claim under section 1983 to avoid dismissal of the petition, because Petitioner has named the warden in his official capacity as one of the defendants. *Glaus*, 408 F.3d at 389; *see also Moore v. Pemberton*, 110 F.3d 22, 23 (7th Cir. 1997) ("The right respondent in a § 2254 action is the warden of the prison; the right defendants in a § 1983 suit are the persons whose wrongful acts harmed the plaintiff (and the warden is rarely a proper defendant, because he is not vicariously liable for subordinates' acts).").

### III.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

It is further **ORDERED** that a certificate of appealability is **DENIED** because jurists of reason would not find this Courts conclusions debatable or wrong. 28 U. S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

It is further **ORDERED** that permission to proceed in forma pauperis on appeal is **DENIED** because any appeal would be frivolous. *See* Fed. R.App. P. 24(a).

                                            s/Thomas L. Ludington
                                            THOMAS L. LUDINGTON
                                            United States District Judge

Dated: May 4, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon Christopher Copley, #153014, at Ionia Maximum Correctional Facility, 1576 W. Bluewater Highway, Ionia, MI 48846 by first class U.S. mail on May 4, 2011.

s/Tracy A. Jacobs
TRACY A. JACOBS